UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Wells Real Estate Investment Trust, Inc. Securities Litigation | ) Civil Action No. 1:07-CV-862-CAP |

**DEFENDANTS' LIMITED MOTION FOR CLARIFICATION OF THE MARCH 31, 2008 ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**

Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.2E, Defendants respectfully submit this motion to clarify a limited aspect of the Court's March 31, 2008 Order. As demonstrated below, Defendants do not seek reconsideration of the substance of the Court's ruling, but rather merely seek clarification that certain statements embodied in the Order were not intended to constitute judicial findings of fact on the merits for purposes of subsequent proceedings in this case. In support of their motion, Defendants show the Court as follows:

1. On March 31, 2008, the Court entered an order resolving the Defendants' motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 23.1 (the "Order"). The Order directed Plaintiff to file a "recast" complaint, and held that "Counts III through VII [of the Amended Complaint] are dismissed in their entirety; Counts I and II are dismissed with the

exception of the allegations of failure to disclose the details of the Lexington offers." Order at 39-40. As stated, Defendants do not move the Court to reconsider the substance of this decision

2. In resolving the Defendants' motion to dismiss, the Court correctly applied the legal standard of review applicable to motions under Rule 12(b)(6). As noted by the Court, the Order "require[d] an assessment of whether the plaintiff ha[d] set forth claims upon which th[e] court may grant relief." Order at 6. The Court further noted that it "must construe the amended complaint in favor of plaintiff, accept the factual allegations contained in the Amended Complaint as true, and determine whether the plaintiff's allegations present plausible claims." *Id.*

3. In denying the motion to dismiss as to Counts I and II to the extent that those two counts were based on "allegations of failure to disclose the details of the Lexington offers," Order at 39, the Court made the following two statements, which are the subject of the Defendants' request for clarification:

- Page 12 of the Order states: "There can be no doubt that [the content of the Lexington letters] is material, as it would be considered important by a reasonable shareholder in deciding whether to vote for or against Internalization."

- Page 17 of the Order states: "[T]he court has already concluded that the Lexington offers as well as the per share prices offered therein were material facts that should have been disclosed . . . ."

These two particular statements, if considered apart from the Order's procedural context under Rule 12(b)(6), could be construed as setting forth determinative factual findings with respect to matters which Defendants submit they are entitled to present evidence and further argument.

4. Defendants seek clarification that, in the context of the procedural posture of this case, the two above-quoted passages are properly interpreted as meaning that the factual allegations in the Amended Complaint regarding the Lexington letters, when construed in favor of Plaintiff as required on a Rule 12(b)(6) motion, present a plausible claim that the content of the letters was material information. An alternate interpretation implying that the Court had made a determinative factual finding on the merits and entered summary judgment against Defendants on this issue would invite legal error. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (U.S. 1986) (entry of summary judgment is only appropriate "after adequate time for discovery and upon motion"); *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532-35 (11th Cir. 1990) (summary judgment inappropriate before adequate notice to the non-moving party). Absent the benefit of discovery and further developed argument in the proper procedural

context of Rule 56, any judgment that the Lexington letters were, in fact, material would be premature.[1]

5. Defendants' concern that these particular statements in the Order might be construed improperly as constituting judicial findings of fact if stripped of their procedural context, is not merely theoretical. As of April 14, 2008, the website maintained by Plaintiff's counsel represented, after quoting the passage regarding the Lexington letters from page 12 of the Order, that purportedly "[t]he Court held . . . that the buyout offers to the Company . . . were material facts that should have been contained in the Proxy or a supplement thereto." *See* http://www.chimicles.com/wells (last accessed on April 14, 2008).

6. Clarification of the Court's intent underlying the two passages at pages 12 and 17 of the Order would eliminate any ambiguity about their intended effect, as well as eliminate any need for judicial intervention later in these proceedings to resolve a dispute between the parties as to the proper effect of those

---

[1] Both parties did submit affidavits with exhibits in regards to Plaintiff's requests for expedited relief, but even if the Court had entered relief in that context, any judgment as to the merits of Plaintiff's case would be necessarily tentative. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 ("the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits [and] it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits") (citations omitted).

passages. For example, at the appropriate time and with the benefit of discovery, Defendants may move for summary judgment under Fed. R. Civ. P. 56 on the issue of the materiality of the Lexington letters. Based on the information available to the Board of Directors of Piedmont Office Realty Trust, Inc. (f/k/a Wells Real Estate Investment Trust, Inc.), and based on input from its outside advisors, the Board determined in the exercise of its good faith business judgment that the Lexington letters did not present bona fide offers and, therefore, were immaterial. Defendants submit that any discovery in this matter will reveal that the Board's conclusion was correct. Defendants seek clarification that nothing in the Order precludes Defendants from developing such discovery and, thereafter, making such a showing on a Rule 56 motion.

## **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court reconsider the Order for the limited purpose of clarifying that (1) the two statements regarding the Lexington letters on pages 12 and 17 of the Order were not intended to be factual findings on the merits with respect to the materiality of the Lexington letters, (2) Defendants may hereafter develop discovery on the issue of the Lexington letters' immateriality, and (3) Defendants may, at an appropriate

stage in this proceeding, submit evidence and argument that the Lexington letters were not, in fact, material.

Respectfully submitted, this 14th day of April, 2008.

TROUTMAN SANDERS LLP

/s/ J. Kirk Quillian
(with express permission by Michael J. Cates)
J. Kirk Quillian (GA Bar No. 591150)
J. Timothy Mast (GA Bar No. 476199)
Jaime L. Theriot (GA Bar No. 497652)
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
Email: kirk.quillian@troutmansanders.com
tim.mast@troutmansanders.com
jaime.theriot@troutmansanders.com

*Counsel for Defendant Wells Real Estate Investment Trust, Inc.*

ROGERS & HARDIN LLP
/s/ Tony G. Powers
(with express permission by Michael J. Cates)
Tony G. Powers (GA Bar No. 586586)
Kimberly L. Myers (GA Bar No. 533257)
229 Peachtree Street NE
2700 International Tower
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: tpowers@rh-law.com
kmyers@rh-law.com

KING & SPALDING LLP

/s/ Michael J. Cates
Michael R. Smith (GA Bar No. 661689)
Dan S. McDevitt (GA Bar No. 488375)
Michael J. Cates (GA Bar No. 116356)
Bethany M. Rezek (GA Bar No. 553771)
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: mrsmith@kslaw.com
dmcdevitt@kslaw.com
mcates@kslaw.com
brezek@kslaw.com

*Counsel for Defendants Wells Capital, Inc., Wells Management Company, Inc., Wells Advisory Services I, LLC, Wells Real Estate Advisory Services, Inc., Wells Government Services, Leo F. Wells, III, Douglas P. Williams, Randall D. Fretz, Donald A. Miller, and Robert E. Bowers*

*Counsel for Michael R. Buchanan, Richard W. Carpenter, Bud Carter, William H. Keogler, Jr., Donald S. Moss, Neil H. Strickland, and W. Wayne Woody*

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

This 14th day of April, 2008.

/s/ Michael J. Cates
Michael J. Cates (GA Bar No. 116356)

## CERTIFICATE OF SERVICE

I hereby certify that the within and foregoing **Defendants' Limited Motion for Clarification of March 31, 2008 Order** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 14th day of April, 2008.

/s/ Michael J. Cates
Michael J. Cates (GA Bar No. 116356)