**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re Wells Real Estate Investment Trust, Inc. Securities Litigation | Civil Action Number:<br>1:07-cv-00862-CAP<br><br>CLASS ACTION |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' LIMITED MOTION FOR CLARIFICATION OF THE MARCH 31, 2008 ORDER**

## I. INTRODUCTION

Defendants' purported Motion for Clarification ("Motion") seeks a most fundamental reversal of the substance of the Court's ruling as to the clear materiality of the Lexington Offers. Although asserting that they "do not seek reconsideration of the substance of the Court's ruling," (Motion p. 1), Defendants' effort to treat their Motion as a mere clarification is both inaccurate and disingenuous.[1]

[1] The Federal Rules of Civil Procedure and Local Rules of this Court do not provide for a motion for "clarification," but under limited circumstances such motion may be heard when there is some confusion as to the language used in the order. *See e.g.*, *Marshall & Swift, L.P. v. Crawford & Co.*, No. 1:03-CV-3766-RLV, 2006 WL 319262, at *2 (N.D. Ga. Feb. 9, 2006) (granting motion for clarification where court concluded its prior orders contained ambiguities that created "significant confusion"). There is no such confusion in the Order at issue.

Defendants' Motion is most certainly a request for reconsideration of the Court's Order and should be evaluated in that context and denied.[2]

## II. ARGUMENT

### A. Nothing In The Court's Order Needs to Be Clarified or Reconsidered.

Defendants' Motion to Dismiss [Doc. 106-2] sought judicial determinations with respect to the actionability and materiality of a series of allegations set forth in the Amended Complaint.[3] The Court made such determinations.

It is within the Court's authority to make determinations of materiality, using an objective standard, measured from the point of view of the reasonable investor. The Lexington Offers were discussed thoroughly in the Amended Complaint ¶¶ 166-177, were the subject of cross-filings made with the Securities and Exchange Commission ("SEC") by Lex-Win Acquisition LLC and the Company (*id.*), and were attached to Defendants' Motion to Dismiss papers (Exhibits 3 and 4, thereto).[4]

---

[2] As their Conclusion clearly states: "Defendants respectfully request that the Court reconsider the Order…" (Motion p. 5). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. *Pres Endangered Areas of Cobb's History, Inc. v. Unites States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). The circumstances for reconsideration do not exist here.

[3] References to the Amended Complaint are to the Complaint dated June 27, 2007 which was the subject of Defendants' Motion to Dismiss and the Court's Order.

[4] It was proper for the Court to make this materiality determination at this time. The Lexington Offers were: (a) directly linked, and were proferred in response, to the

In considering the materiality of the Lexington Offers, the Court "examined the allegations of omission and the Proxy itself" and reviewed the Lexington Offers. (Order p. 11).

The Court considered and properly rejected Defendants' effort to characterize the Lexington Offers as mere "tentative expressions of interest" (Order p. 12).[5] The Court instead found that "defendants oversimplify the contents of the Lexington offers" and "[t]he crucial information that was material to shareholders was that a higher stock price was offered if the Internalization did not occur." (Order p. 12).

---

proposed Internalization (Am. Cmplt. ¶ 168); (b) clear on their face to be from a legitimate offeror that had previously transacted a $756 million deal with the Company (*id.* ¶ 172); and (c) clearly credible in that they were the subject of, and extensively discussed, in the Company's SEC filings months after the Internalization was consummated, and the Court therefore properly determined that they were "material" and "would be considered important by a reasonable shareholder" in deciding whether to vote for or against Internalization. *See TSC Indus.*, 426 U.S. at 450.

[5] In their Motion to Dismiss, pgs. 6-7 and 17-20, Defendants at length also discussed their belief that the Lexington Offers were not bona fide offers. The Court rejected Defendants' argument in the face of the express, written offers, finding that those arguments, as a matter of law, do not render the Lexington Offers immaterial. Order at p. 11. By repeating this argument, Motion p. 5, Defendants are improperly seeking reconsideration by merely repeating already-rejected arguments. Moreover, those arguments directly contradict prior public statements made by the Company. In a June 8, 2007 SEC Filing, almost two months after the shareholder vote, the Company first acknowledged having received the Lexington Offers prior to the April 11, 2007 vote and described at length the Board's actions taken with respect to reviewing and responding to the Lexington Offers, as well as its determination that the Internalization, not the Lexington Offers, was in the best interest of the shareholders. Defendants' argument now that the Board undertook such a review

The Court then concluded that "[t]here can be no doubt that this information is material, as it would be considered important by a reasonable shareholder in deciding whether to vote for or against Internalization." (Order p. 12). The Court also reiterated this finding, stating, "the court has already concluded that the Lexington offers as well as the per share prices offered therein were material facts that should have been disclosed in the Proxy." (Order p. 17).

Defendants asked the Court to find the Lexington Offers immaterial but seek "reconsideration" of its contrary finding that they were material. The Lexington Offers, however, presented the Court with omitted information that "is so obviously important to an investor, that reasonable minds cannot differ on the question of materiality." *TSC Indus. v. Northway*, 426 U.S. 438, 450 (U.S. 1976); *Mills v. Electric Auto-Lite Co*., 396 U.S. 375, 381 (1970).[6] The Court properly found the Lexington Offers and the information contained therein to be "material facts that should have been disclosed in the Proxy." (Order p. 17). The Court's findings are within its authority and no "clarification" is necessary.

---

with respect to offers that were tentative and *not* bona fide is simply disingenuous. (Exhibit 5 to Defendants' Motion to Dismiss).

[6] It is black letter law that a fact omitted from a Proxy is material when "there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote," and that "disclosure… would have been viewed by the reasonable shareholder as having significantly altered the 'total mix' of information made available." (Order at 11, *citing TSC Industries, Inc*, 426 U.S. at 449).

**B. Whether Defendants Exercised Business Judgment or Relied on Advice of Their Advisors is Irrelevant to Determining Materiality.**

Defendants assert that they want to take discovery in order to show that "[b]ased on the information available to the Board of Directors of [Wells REIT], and based on input from its outside advisors, the Board determined in the exercise of its good faith business judgment that the Lexington letters did not present bona fide offers and, therefore, were immaterial." (Motion p. 5). Defendants do not describe the nature of the "discovery" that they intend to pursue to establish that the board acted in "good faith" and "based on input from its outside advisors." However, no amount of discovery on those issues, including Defendants' state of mind in omitting reference to the Lexington Offers in the Proxy, can have any relevance to, or produce any evidence on, the question of materiality determined by the Court in the context of a proxy claim under Section 14.[7]

First, "the *TSC* materiality standard is an objective one, measured from the point of view of the reasonable investor. It does not contemplate the subjective

[7] "This is so because the duty to make full and fair disclosure is independent of the duty to exercise reasonable care and prudence in the management of corporate affairs." *In re Westinghouse Sec. Litig.*, 832 F. Supp. 989, 997-998 (W.D. Pa. 1993). Whether shareholders were provided with appropriate disclosures is not a decision concerning the management of business and affairs of the corporation. *In re Anderson, Clayton S'holders' Litig.*, 519 A.2d 669, 675 (Del. Ch. 1986); *Vides v. Amelio*, 265 F. Supp. 2d 273, 275 (S.D.N.Y. 2003).

views of the directors." *Zirn v. VLI Corp.*, 621 A.2d 773, 779 (Del. 1993). Such facts are both irrelevant and inadmissible.

Defendants' failure to raise these arguments concerning business judgment and reliance on advice of counsel in their Motion to Dismiss Counts I and II of the Amended Complaint (Plaintiff's direct Section 14 and 20 claims) is telling.[8] Such arguments are irrelevant when applied to federal securities law claims, whether in the context of a motion to dismiss or in any proceeding on liability. By raising such arguments now, Defendants seek to mislead the Court as to both the standard for evaluating materiality and the intent of their request for "clarification."

Second, it is well-established that the business judgment rule is inapplicable to Section 14(a) claims regarding material misrepresentations or omissions in a proxy statement. *Estate of Detwiler v. Offenbecher*, 728 F. Supp. 103, 150 n 18 (S.D.N.Y. 1989); *St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler*, 2006 U.S. Dist. LEXIS 72316, at *17 (S.D.N.Y. 2006) ("a director's decision to include materially misleading declarations or omissions in a proxy statement in contravention of federal and state law would presumably be evaluated ***without*** the presumption of propriety afforded by the [business judgment rule]") (emphasis added); *In re Tri-*

---

8 Defendants' Motion to Dismiss recognizes this black letter law. In their Motion to Dismiss, Defendants asserted only that the ***derivative*** claims of the Complaint (Counts III through VII of the Amended Complaint) were governed by the business judgment rule (*See* p. 35, Defs. Motion to Dismiss).

*Star Pictures, Inc. Litig.*, No. Civ. A. 9477, 1990 Del. Ch. LEXIS 80, at *25 (Del. Ch. June 14, 1990) (business judgment rule does not apply to "the question of whether shareholders have, under the circumstances, been provided with appropriate information upon which an informed choice on a matter of fundamental corporate governance may be made").

Third, the defense of reliance on the advice of counsel is unavailable where, as here, intent is not an element of the violation. Good faith reliance on the advice of an attorney has been recognized as a defense to ***scienter*** in securities fraud cases. *See SEC v. Goldfield Deep Mines Co. of Nev., AAA*, 758 F.2d 459, 467 (9th Cir. 1985).[9] As the Court already established in its Order p. 23, "the counts within the Amended Complaint setting forth § 14(a) violations clearly allege that the defendants acted negligently. There is no allegation of the intent necessary to state a cause of action for fraud…" Moreover, the defense of "reliance on counsel" has no bearing on the issue of materiality. Therefore, the existence of any facts that show Defendants' reliance "on the advice of counsel" concerning whether or not to

---

[9] *See also, SEC v. McNamee*, 481 F.3d 451, 455-456 (7th Cir. 2007) ("[A]dvice of counsel may show that a person lacked a culpable intent and thus may defeat criminal liability, but scienter is not required in civil-contempt... Reliance on the advice of counsel accordingly is not a defense."); *Nathenson v. Zonagen, Inc.* (*In re Zonagen Secs. Litig.*), 322 F. Supp. 2d 764, 775 (S.D. Tex. 2003)("Good faith reliance on advice of counsel is not an absolute defense to securities fraud. Instead, it represents possible evidence of an *absence of intent to defraud*.")(Emphasis added).

disclose the Lexington Offers, cannot shield Defendants from liability under Sections 14(a) and 20(a), and Rule 14a-9 of the Exchange Act.

In short, in the context of a Section 14 claim, materiality is objective, and under any objective standard, the Court recognized that the Lexington Offers were material and required to be disclosed. Defendants' explanations and avowed justification for omitting such material information are irrelevant to Plaintiff's Sections 14(a) and 20(a) claims and do not excuse the omission of the Lexington Offers from the Proxy.

## III. CONCLUSION

For all the foregoing reasons, Defendants' Motion For Clarification should be denied.

Dated: April 28, 2008

Respectfully submitted,

s/ Robert W. Killorin

Robert W. Killorin (Georgia Bar No. 417775)
Meryl Edelstein (Georgia Bar No. 238919)
Michael R. Peacock (Georgia Bar No. 001356)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476
rkillorin@chitwoodlaw.com

s/ Nicholas E. Chimicles
Nicholas E. Chimicles
Kimberly M. Donaldson
Kimberly L. Kimmel
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
nick@chimicles.com

Lawrence A. Sucharow
Christopher Keller
Joseph Sternberg
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lsucharow@labaton.com

***Co-Lead Counsel***

Lawrence P. Kolker
Alexander H. Schmidt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Thomas Michaud
Jack Timmony
VANOVERBEKE MICHAUD &

TIMMONY, P.C.
79 Alfred Street
Detroit, Michigan 48201
Telephone: (313) 578- 1200

***Counsel for Plaintiff***

**Local Rule 7.1D Certification**

Counsel for Plaintiffs hereby certifies that the text of this Pleading has been prepared with Times New Roman 14 point, one of the fonts and point selections approved by the Court in Local Rule 5.1B.

s/ Robert W. Killorin
Robert W. Killorin (Georgia Bar No. 417775)
**CHITWOOD HARLEY HARNES LP**
2300 Promenade II
1230 Peachtree Street, N.W.
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 876-4476

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008, the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANTS' LIMITED MOTION FOR CLARIFICATION OF THE MARCH 31, 2008 ORDER" was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

This 28th day of April, 2008.

s/ Robert W. Killorin
Robert W. Killorin (Georgia Bar No. 417775)
**CHITWOOD HARLEY HARNES LP**
2300 Promenade II
1230 Peachtree Street, N.W.
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 876-4476