**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re: Wells Real Estate Investment Trust, Inc. Securities Litigation** | **Civil Action No. 1:07-CV-862-CAP** |

# DEFENDANTS' LIMITED MOTION FOR CLARIFICATION OF THE COURT'S AUGUST 2, 2010 ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

ROGERS & HARDIN LLP
Tony G. Powers (GA Bar # 586586)
Kimberly L. Myers (GA Bar # 533257)
Joshua P. Gunnemann (GA Bar # 152250)
Stefanie H. Jackman (GA Bar # 335652)
229 Peachtree Street, NE
2700 International Tower
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: tpowers@rh-law.com
kmyers@rh-law.com

*Counsel for Defendants Michael R. Buchanan, Richard W. Carpenter, Bud Carter, William H. Keogler, Jr., Donald S. Moss, Neil H. Strickland and W. Wayne Woody*

KING & SPALDING LLP
Michael R. Smith (GA Bar # 661689)
Bethany M. Rezek (GA Bar # 553771)
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: mrsmith@kslaw.com
brezek@kslaw.com

*Counsel for Defendants Piedmont Office Realty Trust, Inc., Piedmont Office Management, LLC, Piedmont Government Services, LLC, Wells Capital, Inc., Wells Management Company, Inc., Wells Advisory Services I, LLC, Donald A. Miller, Douglas P. Williams and Leo F. Wells, III*

Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.2E, Defendants respectfully submit this motion to clarify a limited aspect of the Court's August 2, 2010 Order resolving the parties' motions for summary judgment (the "Order").

In particular, the Defendants seek clarification of the Court's ruling regarding the materiality question presented in this case. The Court held that the materiality question is governed by the standard articulated in *TSC Industries v. Northway*, 426 U.S. 438 (1976), rather than the balancing standard applicable to contingent merger proposals set forth in *Basic v. Levinson*, 485 U.S. 224 (1988). As demonstrated below, Defendants do not presently seek reconsideration of the Court's ruling that *TSC*, rather than *Basic*, is applicable to the instant case; but rather seek clarification of the Court's ruling regarding the issues left for the jury with respect to materiality.

Defendants' request arises, most pressingly, from the Court's decision to submit to a magistrate judge the pending motions in limine relating to the parties' expert testimony. In their status report, filed on August 11, 2010, Dkt. # 454, Plaintiff contends that, for example, the Order moots in their entirety the issues addressed in the expert testimony of Professor Randall Thomas of the Vanderbilt University School of Law. Defendants, however, understand the Order, at page 10, to find a question of fact for the jury arising, in part, directly from Professor Thomas's testimony. Defendants believe that the parties and the magistrate judge will benefit

from the Court's guidance regarding the extent of its holding on materiality. Defendants note that the Court previously provided clarification regarding its ruling on a materiality issue in its order on Defendants' motion to dismiss. *See* Dkt. # 119.

In support of their Motion, the Defendants show the Court the following:

1. In the Order, at page 10, the Court rules that:

> the balancing test in *Basic* is not applicable here. The information that was omitted from the Proxy and the Supplemental Proxy was the fact that Lexington offered more per share in the absence of the Internalization. The likelihood of the Lexington Offers coming to fruition is irrelevant in evaluating the materiality of the information omitted.

2. In considering the Defendants' arguments regarding the applicable standard in this same section of the Order, the Court finds that a fact question for a jury exists regarding the independent significance of the Lexington Letters, other than as part of a merger proposal. Specifically, at page 10, the Order states: "While the defendants contend that the two-tiered pricing offered by Lexington cannot be separated from the context in which it was made and point to their expert to support this argument, they have, at best, established a question of fact for a jury on this issue."

3. In making this statement, the Order refers to the Defendants' opening brief on their motion for summary judgment at pages 26-27, where Defendants argued:

Lexington's indication it might pay more absent the Internalization cannot be divorced from the context in which it was made – as part of Lexington's preliminary expression of interest in a merger transaction. Defendants' expert Professor Randall Thomas of Vanderbilt Law School made this point simply:

> I can understand that [the two-tiered pricing] is what makes this information inextricably bound up in the merger discussions, because in the event that a merger proposal was to move forward, I can understand why, from Lexington's perspective, they would attach a low value, if not a zero value to the internalization, because presumably they already have management .... However, to me, that means that the only reason this information has any relevance whatsoever is in the context of a proposed merger between the two parties; therefore, it lacks any independent significance outside of the merger proposals.

Deposition of Randall Thomas at 108-09.

4. In considering the Plaintiff's partial motion for summary judgment, the Court again states that "[i]n adjudicating the defendants' motion for summary judgment, the court found questions of fact as to whether disclosure of the Lexington Offers would have altered the 'total mix' of information available to shareholders." *See* Order at 25.

5. Because the Order (1) cites to Professor Thomas's testimony that, given their context as part of a preliminary merger overture, the pricing terms contained in the Lexington Letters lacked independent significance and (2) therefrom concludes that a question of fact exists regarding the materiality of the Letters, Defendants

understand the Order to hold that, even though *Basic*'s balancing test is inapplicable, evidence regarding the context and independent significance of the pricing terms of the Lexington Letters remains relevant to the materiality assessment under *TSC*. Plaintiff, in seeking to exclude Professor Thomas's testimony in its entirety, obviously disagrees with this interpretation.

6. Further, Defendants understand that the Order does not preclude them from showing at trial, through Professor Thomas's testimony, among others, that the two-tiered price terms in the Lexington Letters are immaterial because they have no independent significance outside the context of a merger proposal.

7. Based upon the parties' communications with respect to the expert testimony that will be admissible at trial and the Plaintiff's status report on this issue, there is a real and substantial controversy between the parties regarding the holdings set forth above. Defendants believe that their interpretation – that Defendants may demonstrate that the Lexington Letters have no independent significance other than as part of a merger proposal -- is most consistent with the Court's stated conclusions and with the materials upon which the Court relies. Defendants ask the Court to clarify that the Order so holds. Moreover, this case has survived past summary judgment solely on Plaintiff's contention that the two-tiered price term had

independent significance, a proposition that Defendants have contested both factually and through their experts' testimony.

8. The Order states, based upon Professor Thomas's testimony, that there is a jury question on that issue. Defendants contend that, if a jury resolves that issue against the Plaintiff, then Defendants should be entitled to judgment. Defendants ask the Court to clarify that this conclusion is, in fact, the meaning of the holding set out above.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant the motion for clarification, and issue an order for the limited purpose of clarifying (1) that the context of the Lexington Letters and the independent significance of their price terms remain relevant to the assessment of materiality; (2) that the Order does not preclude Defendants from proving at trial, through the testimony of Professor Randall Thomas, among others, that the two-tiered pricing terms of the Lexington Letters have no independent significance outside the context of the merger proposal; and (3) that, if a jury should find that the price terms only have significance as part of a merger proposal, as stated by Professor Thomas's testimony referenced in the Order, it should find that the price terms are not material.

Dated: August 12, 2010.

ROGERS & HARDIN LLP

*s/ Tony G. Powers*

Tony G. Powers (GA Bar No. 586586)
Kimberly L. Myers (GA Bar No. 533257)
Joshua P. Gunnemann (GA Bar No. 152250)
Stefanie H. Jackman (GA Bar No. 335652)
229 Peachtree Street, NE
2700 International Tower
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: tpowers@rh-law.com
kmyers@rh-law.com

*Counsel for Defendants Michael R. Buchanan, Richard W. Carpenter, Bud Carter, William H. Keogler, Jr., Donald S. Moss, Neil H. Strickland and W. Wayne Woody*

KING & SPALDING LLP

*s/ Michael R. Smith*

Michael R. Smith (GA Bar No. 661689)
Bethany M. Rezek (GA Bar No. 553771)
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: mrsmith@kslaw.com
brezek@kslaw.com

*Counsel for Defendants Piedmont Office Realty Trust, Inc., Piedmont Office Management, LLC, Piedmont Government Services, LLC, Wells Capital, Inc., Wells Management Company, Inc., Wells Advisory Services I, LLC, Donald A. Miller, Douglas P. Williams and Leo F. Wells, III*

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing Defendants' Motion and incorporated Memorandum of Law has been computer processed with 14 point New Times Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

This 12th day of August, 2010.

*s/ Tony G. Powers*
Tony G. Powers (GA Bar No. 586586)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Motion and incorporated Memorandum of Law has been electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to counsel of record identified below.

This 12th day of August, 2010.

*s/ Tony G. Powers*
Tony G. Powers (GA Bar No. 586586)

Nicholas E. Chimicles
Kimberly M. Donaldson
Kimberly Litman Kimmel
*Chimicles & Tikellis LLP*

Robert Ware Killorin
Meryl W. Edelstein
Krissi T. Gore
*Chitwood Harley Harnes LLP*

Christopher J. Keller
Joseph Sternberg
*Labaton Sucharow LLP*

Lawrence P. Kolker
*Wolf Haldenstein Adler*
*Freemen & Herz LLP*

Michael R. Smith
Bethany M. Rezek
*King & Spalding LLP*