UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re Wells Real Estate Investment Trust, Inc. Securities Litigation | Civil Action No. 1:07-cv-00862-CAP |

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing on April 18, 2013 (the "Settlement Hearing") pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated January 2, 2013 ("Order"), on the application of the parties for approval of the Stipulation of Settlement dated December 31, 2012 (the "Stipulation"). Whereas Wells Real Estate Investment Trust, Inc. is now known as Piedmont Office Realty Trust, Inc. ("Piedmont" or the "Company"); the Court has considered all matters submitted to it at the Settlement hearing and otherwise and the entire matter of the Settlement; it appears that a Notice of Proposed Settlement of Class Action ("Notice") substantially in the form approved by the Court was mailed to all Class Members (as defined below) as shown by the records of Piedmont's transfer agent, at the respective addresses set forth in those records; the Settling Parties have appeared by their attorneys of record; the attorneys for the

Settling Parties have been heard in support of the Settlement; and an opportunity to be heard was given to all other persons desiring to be heard as provided in the Notice; IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. The Court finds that the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the Settlement are hereby finally approved in all respects.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who had validly and timely requested exclusion from the Class,

the Court hereby dismiss the Litigation with prejudice and without costs (except as otherwise provided in the Stipulation).

6. Upon the Effective Date hereof, Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all Released Persons, and shall forever be enjoined from prosecuting the Released Claims, regardless of whether such Class Member executes and delivers a Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiff's Counsel from all Settled Defendants' Claims, and shall forever be enjoined from prosecuting such claims.

8. Lead Plaintiff, Plaintiff's Counsel, each and all of the Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined, and restrained forever from instituting, commencing, prosecuting, or continuing to prosecute, either directly or in any other capacity, the Litigation or any other action or

proceeding in any court of law or equity, arbitration tribunal, or administrative forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

9. The Court hereby awards the payment of attorneys' fees to Plaintiff's Counsel in the amount of 25% of the Settlement Amount, and the payment of $1,574,891.21 to Plaintiff's Counsel as reimbursement of expenses incurred in prosecuting this action. The Court finds that these amounts are fair and reasonable in light of the work performed and expenses expended by Plaintiff's Counsel, and the work performed and expenses incurred by the Lead Plaintiff, on behalf of the Class Members.

10. The Court hereby finds that the Notice provided to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlement fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

11.     Any appeal from the Court's order(s) approving the Plan of Allocation and/or the Fee and Expense Award shall in no way disturb or affect this Order and Final Judgment or its Finality and shall be considered separate from this Order and Final Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as evidence of any presumption, concession, or admission by any of the Defendants or their respective Related Parties with respect to the truth of any allegations by the Plaintiff or the validity of any Released Claim, or of any wrongdoing, liability, negligence, or fault of Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or their respective Related Parties may file the Stipulation and/or this Order and Final Judgment from this action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the Finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The administration and distribution of the Net Settlement Fund will be done on a coordinated basis with the administration and distribution of the net settlement fund in the *In re Piedmont Office Realty Trust Securities Litigation* (Civil Action Number 1:07-cv-2660, USDC ND GA) ("*Piedmont* Litigation") because of the substantial overlap between the members of the Class in this Settlement and the members of the proposed class or classes in the *Piedmont* Litigation, and because of the substantial efficiencies and monetary savings that will inure to the material benefit of the members of such classes. In addition to the $150,000 used to establish the Notice and Administration Fund for the *Wells* and *Piedmont* Litigations under ¶ 2.9 of the *Wells* Stipulation, the Court authorizes up to $200,000 to be reserved from the Settlement Fund and paid to the Claims Administrator (upon the presentation of invoices satisfactory to Co-Lead Counsel) for Claims Administration Fees and Expenses without further Court approval. In the event that the proposed settlement in the *Piedmont* Litigation does not become effective at or around the same time as this Settlement's Effective Date, Co-Lead Counsel, at its sole discretion, has the right to reasonably delay the distribution of the Net Settlement Fund.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: _____8 April 2013_____   _____
The Honorable Charles A. Pannell, Jr.
United States District Judge