# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re Wells Real Estate Investment Trust, Inc. Securities Litigation | Civil Action No. 1:07-cv-00862-CAP<br>CLASS ACTION |
| ------------------------------------------------ | |
| In Re Piedmont Office Realty Trust, Inc. Securities Litigation | Civil Action No. 1:07-cv-02660-CAP<br>CLASS ACTION |

## ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

**AND NOW,** this 22nd day of ____April____, 2014, upon consideration of Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund and Memorandum in Support in the above captioned actions ("Actions")[1] and the Affidavit of Edward J. Sincavage, CPA ("Sincavage Affidavit") of Heffler Claims Group (the "Claims Administrator") dated April 1, 2014 (collectively, the "Distribution Petition"), and upon the Stipulations of Settlement dated December 31, 2012 (the "Stipulations"),[2] and upon the April 18, 2013 Final Judgment and

---

[1] *In Re Wells Real Estate Investment Trust, Inc. Securities Litigation* is referred to as the "*Wells* Action" and *In Re Piedmont Office Realty Trust Inc. Securities Litigation* is referred to as the "*Piedmont* Action."

[2] *See Wells* Action (No. 1:07-cv-862) Document 665-1 and *Piedmont* Action (No. 1:07-cv-2660) Document 238-1.

Order of Dismissal With Prejudice entered in each of the Actions (the "Final Judgments")[3] approving the Stipulations, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby ORDERED as follows:

1.  The administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printouts submitted with and described in the Sincavage Affidavit and Exhibit C thereto, including claims submitted after June 1, 2013 up until March 24, 2014, are approved and said claims are hereby accepted.

2.  The administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout submitted with and described in the Sincavage Affidavit and Exhibit D thereto are approved, and said claims are hereby rejected.

3.  The Court approves payment to Heffler Claims Group in the amount of $58,460.89 from the Settlement Fund for all currently outstanding administrative fees and expenses in connection with the administration and disbursement of the Net Settlement Fund (as defined below) and in connection with the taxation of the Settlement Fund.

4.  The Claims Administrator is directed to distribute the balance of the

---

[3] *See Wells* Action (No. 1:07-cv-862) Document 671 and *Piedmont* Action (No. 1:07-cv-2660) Document 244.

Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") to the Authorized Claimants listed on Exhibit C to the Sincavage Affidavit by calculating each Authorized Claimant's percentage of the total Eligible Shares in each class and applying that percentage to the total dollar value of the Net Settlement Fund for each class available at the time of distribution.

5.   The Court directs that the distributions to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 90 DAYS AFTER ISSUE DATE." The Court authorizes the Claims Administrator to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time.

6.   The Court also finds, pursuant to the Plan of Allocation previously approved by the Court, that after reasonable and diligent efforts have been made to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution, Co-Lead Counsel may direct any balance remaining in the Net Settlement Fund after three (3) months from the date of the initial distribution of such funds to be distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution if Co-Lead Counsel determine such re-

distribution to be feasible and practicable. If any funds remain in the Net Settlement Fund after such re-distribution, or if Co-Lead Counsel determine that a re-distribution is not feasible and/or practicable, then the remaining balance shall be contributed to the Boston College Innocence Project at Boston College School of Law, a non-sectarian, not-for-profit, 501(c)(3) organization designated by Plaintiffs' Co-Lead Counsel.

7.  The Court also finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

8.  The Court authorizes the Claims Administrator to discard paper or

hard copies of the Proof of Claim forms and supporting documents one year after distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data three years after distribution of the Net Settlement Fund to the eligible claimants.

9.  The Court shall retain jurisdiction over any further application or matter that may arise in connection with this action.

10.  The Court orders that no claim submitted after March 24, 2014 may be accepted for any reason whatsoever.

Dated:  \_\_\_\_\_22 April\_\_\_\_\_, 2014

**BY THE COURT:**

/s/Charles A. Pannell, Jr.
The Honorable Charles A. Pannell, Jr.
Judge, United States District Court